**EUSTACE, MARQUEZ, EPSTEIN,
PREZIOSO & YAPCHANYK**
ATTORNEYS AT LAW

| | | |
|---|---|---|
| EDWARD M. EUSTACE<br>JOHN R. MARQUEZ<br>RHONDA L. EPSTEIN<br>RICHARD C. PREZIOSO<br>DAVID S. KASDAN<br>CHRISTOPHER M. YAPCHANYK<br>CRAIG J. BILLECI<br>GREGORY WALTHALL<br>_____<br>PAUL A. TUMBLESON | 55 WATER STREET • 29TH FL.<br>NEW YORK, NY 10041<br>TEL  (212) 612-4200<br>FAX  (212) 612-4284<br><br>NOT A PARTNERSHIP OR PROFESSIONAL<br>CORPORATION | REGINE DELY-LAZARD<br>LAUREN S. YANG<br>MAUREEN E. PEKNIC<br>GREGORY BENNETT<br>TIMOTHY S. CARR<br>ANTHONY J. TOMARI<br>NATHALIE C. HACKETT<br>THOMAS B. FERRIS<br>TERENCE H. DEMARZO |

February 15, 2018

*Via ECF*

The Honorable Brian M. Cogan
U.S. District Judge
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Hyman v. Allure Care Mgmt., LLC et al.*
                Civil Action No.:  17-cv-7307 (BMC)

Dear Judge Cogan:

      This office represents Defendants Allure Care Management, LLC d/b/a The Allure Group and Williamsburg Services, LLC d/b/a Bedford Center for Nursing and Rehabilitation (collectively, "Defendants").  In accordance with the Court's Order of January 23, 2018 and in advance of the Initial Status Conference scheduled for February 20, 2018, the parties submit this letter, prepared jointly with Plaintiff's counsel.

      *(1) A brief description of the case*

      <u>Plaintiff's Response</u>:  Plaintiff asserts that she was employed by the Defendants and an additional party named as a defendant, MW Group, LLC d/b/a RSI ("RSI"), until the date of her termination on May 23, 2017.  Plaintiff alleges that she was subjected to a hostile work environment and discriminated against due to her age and retaliated against for engaging in protected activity.

      <u>Defendants' Response</u>:  Defendants, jointly and individually, deny that they employed Plaintiff at any time or that they subjected her to a hostile work environment or discriminated against her on account of her age or that she was subjected to retaliation for engaging in protected activity.  Further, Defendants generally assert that, at all times,

they acted in accordance with legitimate nondiscriminatory and non-retaliatory reasons.

*(2)     Jurisdictional bases*

Plaintiff alleges, with respect to her federal claims, that this Court has original subject matter jurisdiction under 28 U.S.C. §1331 and, with respect to her City claims, that this Court has supplemental jurisdiction under 28 U.S.C. §1367.

*(3)     Legal Basis for Claims*

Plaintiff alleges federal claims under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* and claims under the New York City Human Rights Law under Title 8 of the New York City Administrative Code.

Defendants' defenses are based on the applicable provisions contained in the above-referenced statute/municipal code and/or case law interpreting those laws.

*(4)     Contemplated motions*

At this time, Defendants do not contemplate any motions. In the future, however, Defendants contemplate moving for summary judgment, either jointly or individually.

Please contact me if the Court has any questions before the Initial Status Conference.

Very truly yours,

Gregory Bennett

GRB

cc:     Plaintiff's Counsel (via ECF)